# Steele *v.* The State.

*Larceny.*

(Decided June 9, 1910.   52 So. 907.)

1. *Charge of Court; Argumentative Instructions.*—A charge constituting a mere argument in favor of a defendant based on part of the testimony only is properly refused.

2. *Same; Invading Province of Jury.*—A charge asserting that there is no evidence in the case of a particular fact, is invasive of the province of the jury.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Roy Steele was convicted of larceny and he appeals Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State. The charges refused were properly refused.— *Troup v. The State,* 49 So. 332; *Griffin v. The State,* 50 So. 963.

MAYFIELD, J.—The defendant was indicted and convicted of larceny. The indictment was in Code form, and the judgment entries as to trial, conviction, and sentence seemed to be without error. The only ruling presented for our review by the bill of exceptions is the refusal of the trial court to give written charges 1 and 2, requested by the defendant.

The court properly declined to give each of these charges. Charge 1 was argumentative. To give it would be for the court to make an argument in favor of the defendant, based upon a part only of the testimony. Charge 2 was properly refused, because it requested the court to charge the jury that there was no evidence in the case of a particular fact. The charge was evidently intended to meet an argument probably well advanced by the state's counsel. It has been frequently held by this court that charges like charge No. 2 are properly refused.

Finding no error, the judgment of the court must be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur. EVANS, J., is, however, of the opinion that charge 1 was properly refused because, in so far as it asserts a proposition of law, it is fully covered by other charges which were given at the request of the defendant.